## In re FULTON.

(District Court, E. D. New York.   April 16, 1907.)

1. CHATTEL MORTGAGES—REAL ESTATE LEASES.
    A lease of real estate for 10 years was a chattel real, as provided by Real Property Law N. Y. p. 563, c. 547, § 23, and was not, therefore, the proper subject of a chattel mortgage.

2. BANKRUPTCY—RECEIVERS—SALE OF ASSETS.
    Where the receiver of a bankrupt acquired possession of a leasehold as a part of the bankrupt's estate, the receiver should not have attempted to make a sale of the lease prior to the trustee obtaining possession.

3. SAME—TITLE OF TRUSTEE.
    The title of a trustee in bankruptcy relates back to the adjudication.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 194.]

4. SAME—SALE BY RECEIVER—AUTHORITY—CONFIRMATION.

A sale of a chattel real by a receiver of a bankrupt without the express direction of the court conveys no title, and such defect cannot be cured by a motion to confirm the sale and to quiet adverse claims to the property sold.

Thomas & Oppenheimer, for receiver.
Backus & Lewis, for Welz & Zerweck.

CHATFIELD, District Judge. The alleged bankrupt, John Fulton, upon the 6th day of March, 1902, executed a chattel mortgage in the sum of $6,000 to Welz & Zerweck, a corporation, covering certain chattels on the premises 1752 Fulton street, borough of Brooklyn, and also a leasehold of those premises. The chattel mortgage, it is claimed, has been refiled and is alive today. On April 17, 1905, the said John Fulton obtained a further lease of said premises from Welz & Zerweck for the store 1752 Fulton street, and three flats, to be used as a hotel and liquor store, for the term of ten years, at the annual rental of $1,800 a year.

On or about the 4th day of March, 1907, a petition in involuntary bankruptcy was filed against the said Fulton, and a receiver appointed. On April 11, 1907, the schedules were filed, and the lease above referred to is nowhere included, unless covered by the statement that all books, papers, and documents relating to the business are in the hands of the receiver. Upon the 4th day of April, 1907, the appraisers filed their certified appraisal, showing (1) $1,501.17, personal property; (2) $2,208.65, property affected by the chattel mortgage; and (3) the lease of Welz & Zerweck to John Fulton, with eight years to run, upon which a valuation is placed of $1,600. Upon the 8th of March, 1907, the receiver filed a petition asking for the appointment of appraisers and directing that the said property of the alleged bankrupt be sold at private sale, providing bids therefor be received for not less than the appraised value, and, if not so sold, that the same be sold at public auction, etc. This petition recited that as receiver he was in possession of the property of the bankrupt, consisting of a "stock of merchandise, including wines, liquors, and cigars, contained in the premises known as 1752 Fulton street, borough of Brooklyn, city of New York; likewise the fixtures usual and incident to a general saloon and restaurant business, and furnishings used in a Raines Law hotel." No mention is made by the receiver of the lease. The appraisal was not directed, nor the sale authorized, upon any application to have the receiver attempt to sell the chattel real, but upon the sale the lease was put up at auction and a bid of $1,000 made therefor.

Welz & Zerweck has verbally disputed the right of the receiver to sell this lease, as well as the other property which it claims is covered by its mortgage, and the receiver and his attorneys are desirous of completing the sales and delivering the property sold to the purchasers. Under these circumstances the receiver obtained an order directing Welz & Zerweck, or its attorneys, to appear and show cause why an order should not be made confirming the sale of the property by the receiver, and, if the said Welz & Zerweck should fail to show cause, that said Welz & Zerweck be "forever foreclosed and barred

from in any wise or manner claiming title or possession in and to the said property." Upon the return of the order to show cause, Welz & Zerweck, by its attorneys, appeared specially to question the jurisdiction of the court, and asserted its title to the lease in question and to the other property covered by the chattel mortgage. Upon the suggestion of the court, it was stipulated that the property other than the lease, which had been sold and which seemed to be covered by the chattel mortgage, should be transferred to the purchasers, and the proceeds from the sale thereof retained as a separate fund until a determination in the bankruptcy proceedings of the validity of the lien claimed by Welz & Zerweck.

As to the lease, objection was made that upon affidavits the title to property could not be determined, and that the court had no jurisdiction to pass upon such an issue on this motion. This point seems to be well taken. The lease in question was not made until three years after the chattel mortgage, was for a period of ten years, and by section 23, c. 547, p. 563, of the real property law of the state of New York was therefore a chattel real, and not the proper subject for a chattel mortgage. A mortgage upon such an asset would have to be recorded, and regarded as a mortgage upon real estate, and there may be valid objection to the enforcement of the alleged lien arising from the chattel mortgage on the lease when the question can be properly raised. Further, although the point has not been urged, it does not seem that the receiver should have attempted to make a sale of the lease in question. Matters relating to rent or the possession of the property should be attended to by the receiver, and the appointment of a trustee should be facilitated in every way, in order that the title to the chattel real may devolve upon the trustee as soon as possible.

It might be argued that a sale could be had by order of the court before the election of a trustee, and confirmatory deeds given thereafter. The title of the trustee relates back to the adjudication in bankruptcy, and he could be directed to execute a conveyance in order to carry out the terms of a sale. But nevertheless it is apparently certain that a sale of a chattel real by a receiver without the express direction of the court conveys no title. The defect in the sale cannot be cured by a motion to confirm the sale and to quiet adverse claims to the property sold. It does not appear from the motion papers whether the purchaser has offered to complete the purchase, and no action by Welz & Zerweck to test the purchaser's title has been possible.

The claim of Welz & Zerweck under their chattel mortgage can be determined by the proper proceedings after a trustee is appointed, but all that can be done on this motion is to confirm the sale of the chattels covered by the mortgage under the stipulation which has been made. As to the lease the attempted sale must be set aside.