In re B. D. GARNER & CO. et al.

(District Court, N. D. Alabama, N. D. May 15, 1907.)

No. 1,223.

BANKRUPTCY—TEMPORARY RECEIVER—PERISHABLE PROPERTY—SALE.

Under Bankr. Act July 1, 1898, c. 541, § 2, subd. 3, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], authorizing the appointment of a temporary receiver "for the preservation of the estate," such receiver had power to sell perishable property in his hands in order to prevent loss thereof.

In Bankruptcy. On petition for a review of action of referee

Walker & Spragins, for claimant.

Cooper & Foster, C. E. Jordan, and H. A. Bradshaw, for receiver and petitioning creditors.

HUNDLEY, District Judge. In this cause, on the petition of John T. Ashcraft, who had been heretofore appointed receiver of a stock of goods claimed to belong to the bankrupts and found in the hands of Charles H. Price, a third person, the referee made an order for the sale of said goods as prayed for in the petition of the receiver. This order was granted upon proof offered that the goods were of a perishable nature and liable to greatly deteriorate by delay in awaiting the usual and final disposition of the issues in the case. The goods were seized upon an order made by the referee on a petition filed by the creditors; a bond of indemnity being duly made to Charles H. Price, the claimant, who was in possession of the property at the time of seizure. The referee gave notice to the claimant, Charles H. Price, of a hearing on the petition filed by the receiver, and Price went before the referee, by attorneys and in person, and made a special appearance for the special purpose of objecting to the jurisdiction and power of the referee's court to order a sale of the goods on the petition of the receiver, and moved the court for an order to vacate and annul the order of seizure made in this cause, and to direct the receiver to deliver the goods to himself, the said claimant, because no proper proceedings had been instituted by the trustee of this bankrupt estate to recover or subject said property to sale. It is not questioned by the claimant that the property is of a perishable nature and liable to deteriorate in value with time. The referee further ordered that the proceeds derived from the sale should be deposit-

ed by the receiver in his own name as receiver in a depository of this court, and that he should not deliver the proceeds of said sale to the trustees of said bankrupt estate without an order from the referee or a judge of this court.

The question here presented for adjudication is: Did the referee have jurisdiction, upon the evidence showing the deteriorating character of the goods, to properly grant the prayer of the receiver's petition and make an order of sale? The question as to the jurisdiction to seize the property is not raised on this hearing in any manner. Thus we have a case presented in which the property claimed to be the property of the bankrupt is within the lawful custody of the court, through its receiver duly appointed, and that this property is of a perishable nature and will greatly deteriorate if held together without a sale thereof, and also that great expense will be incurred in keeping it together. The argument is made by counsel for the claimant that, the receiver being only a temporary receiver under subdivision 3 of section 2 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]), the purpose of his receivership is solely to preserve the property until the petition in bankruptcy "is dismissed or the trustee is qualified." I cannot agree with this contention of counsel, because, on reading subdivision 3 of section 2 of the bankrupt act, it will be seen that the chief purpose for the authority therein granted is "for the preservation of estates." Granting that the bankruptcy court had the jurisdiction to take in possession the property of the claimant and place it in the hands of a receiver for the preservation of the estate, then it would seem clear to my mind that that court had jurisdiction to do whatever was necessary in fact to secure and effectuate such preservation. To permit the property to deteriorate and become worthless while in the hands of the receiver would surely not be to carry out the intent and purpose of that section of the bankrupt law. That the bankrupt court had full jurisdiction and authority under the premises to order a sale of the property for the purpose of preservation seems to my mind to be settled by ample authority. When the bankruptcy court in any case finds it absolutely necessary for the preservation of the estate to take possession of the property of the adverse claimant by means of a receiver or marshal under clause 3 of section 2 of the bankrupt act, then such seizure and determination of the issues thus between the receiver or trustee and the adverse claimant is a proceeding in bankruptcy, as distinguished from a controversy at law or in equity, and hence the bankruptcy court is authorized and empowered to proceed in a summary way, rather than by a plenary suit. In the case of Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157, the Supreme Court reviews various cases bearing upon the question at issue and says:

"We think the result of these cases is, in view of the broad powers conferred in section 2 of the bankruptcy act, authorizing the bankruptcy court to cause the estate of the bankrupt to be collected, reduced to money, and distributed, and to determine controversies in relation thereto, and bring in and substitute additional parties when necessary for the complete determination of the matter in controversy, that, when the property has become subject to the jurisdiction of the bankruptcy court as that of the bankrupt, whether held

by him or for him, jurisdiction extends to determine controversies in relation to the disposition of the same, and the extent and character of the liens thereon or rights therein."

As sustaining the conclusions reached in this cause, reference is also here made to the following cases: In re' Rochford et al., 124 Fed. 182, 59 C. C. A. 388; In re Knopf (D. C.) 144 Fed. 245. It was within the jurisdiction of the referee to make the order of sale of the property, and the petition to review his action cannot be sustained.

The petition for review of the finding of the referee, and to set aside the same, is therefore denied, and his action in directing the sale of the property is affirmed.