### In re HARRIS.

(District Court, S. D. Alabama, N. D. November 8, 1907.)

BANKRUPTCY—RECEIVER—SALE OF PROPERTY.

While a receiver in bankruptcy, appointed under Bankr. Act July 1, 1898, c. 541, § 2 (3), 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], may be authorized by the court to sell property when necessary for the preservation of the estate, the power to direct such a sale should be exercised only upon such showing as will satisfy the court that the immediate sale is necessary to preserve the value of the property to the estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 167.]

In Bankruptcy. On application to vacate order of sale. See 155 Fed. 216.

Brown and Murphy, for petitioning creditors.
Z. T. Rudolph, for bankrupt.
Sterling A. Wood, for receiver.
Powell & Blackburn, for second petitioning creditors.

HUNDLEY, District Judge (orally). On a former date in this court, on an ex parte affidavit of the bankrupt, he being represented

by counsel, and admitting bankruptcy, application was made to me to grant an order permitting the receiver to sell certain property of the bankrupt on giving nine days' notice to the creditors. A formal order was made, under and by virtue of rule 18, general orders in bankruptcy, in reference to the sale of the property. It was averred in the petition that certain property belonging to the bankrupt was liable to be consumed in the costs and expense of keeping it, and it was noted that house rent was liable to be charged for another month against the estate of the bankrupt. On day before yesterday this motion was made to set aside the order granting the receiver authority to make this sale. The attention of the court is called to the fact, in this motion, that this property which the receiver was authorized to sell was not in its nature perishable, and that no good cause could be served the estate of the bankrupt by ordering a sale on such short notice, and, further, that the creditors of the bankrupt had not received any notice that an application was to be made to make the sale.

Now, in the first place, if it was such a case in which the receiver, as distinguished from trustee, could be ordered to make a sale, no notice was absolutely necessary to the creditors; but the very first proposition I meet in the consideration of this case is whether or not the court did have the jurisdiction to order the sale under the facts stated in the petition asking for the sale; or, in other words, did the court have jurisdiction, under the equity powers of the court, to grant this sale deeming it to be to the best interests of the estate that the sale should be made in this summary way, rather than in the due course of bankruptcy proceedings. In a similar case to this (In re Garner [D. C.] 153 Fed. 914), which came before me in the Northern Division of this court at Huntsville, a case to which I gave careful and thorough consideration, there was presented the question as to the right or authority of the receiver to make a sale of perishable property. In that case I held that the authority of the receiver to proceed therein was a proceeding in bankruptcy, rather than an action at law, and that it was the duty of the receiver to preserve the property until the trustee is appointed under the terms of Bankr. Act July 1, 1898, c. 541, § 2 (3) 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], and therefore it was necessary to preserve the property from decay or from perishing, and that the receiver, under instructions from the court, would have the right to make a sale with or without notice. But I further stated in that case that this was confined only to such cases in which it was clear to the court that the property was, in fact, perishable in part or in its entirety, or would greatly deteriorate if held without a sale, and only that portion which was of such nature could be ordered sold. Now, under these circumstances the receiver is not a general receiver, as designated by the courts in chancery under the common law, but he is a statutory receiver, clothed with the limited powers of the statute under which his receivership was created, and he cannot by the very terms of the statute go beyond the respective powers conferred upon him by the statute itself. The authorities presented to me on behalf of the opponents of the motion now before the bar deal with the question as to the preservation of the estate. Decisions of the Supreme Court of Alabama are

cited to me in reference to the appointment of receivers and wherein the courts order a sale of perishable property, and, while those cases are to a certain extent similar to the case at bar, yet, indeed, in those very cases the Supreme Court of Alabama has held that unless the property is perishable, or unless it is clearly shown that the estate will be depreciated or depleted by the costs and charges of keeping it together or otherwise, the courts have been very slow to grant an order for a summary sale. This, however, is a matter within the sound discretion of the court, to be exercised only upon such showing as will satisfy the court that the immediate sale is necessary to preserve its value. In re Kelly Dry Goods Company (D. C.) 102 Fed. 747; McCreery v. Berney Nat. Bank, 116 Ala. 224, 22 South. 577, 67 Am. St. Rep. 105.

Viewing the facts as they appear in this case, and taking into consideration the invoices and inventories which are very full, the court is bound to know that a great deal of this property is not perishable, and the court would not be authorized to order a sale of the whole property on the petition as here presented, even if the petition showed that some of the property was perishable. The facts set out in this petition are simply that the costs will be accumulated if such a sale is not made, but it is not sufficiently shown either that the estate will be actually jeopardized or that the assets will greatly deteriorate in value. I am therefore of the opinion that the petition fails to set forth and show sufficiently to the court that this property is in part or its entirety perishable by nature or that it will greatly deteriorate by being handled in the due course under the regular bankruptcy proceedings. I shall therefore set aside the order heretofore made, and an order will be made that this case proceed under the proper and usual proceedings of the bankruptcy court. So ordered.