## In re UNION CO–OP. BAKERY.

### Petition of KOLOWICH.

(Circuit Court of Appeals, Sixth Circuit. March 4, 1925.)

No. 4102.

**Bankruptcy ⊕117(1)—Sale made by receiver and adopted by trustee held not subject to impeachment by purchaser after confirmation.**

Where a sale of real estate of a bankrupt by a receiver, after adjudication and after due notice to creditors, was approved by the creditors, adopted by the trustee, and confirmed by the court, with the assent of the purchaser, he was not entitled to have it set aside afterwards on the ground that, as made by the receiver, it was invalid.

Petition to Revise Order of the District Court for the Eastern District of Michigan; Charles C. Simons, Judge.

In the matter of the Union Co-operative Bakery, bankrupt. On petition of George J. Kolowich to revise the order of the District Court. Affirmed.

Guy A. Birge, of Detroit, Mich. (John A. Hamilton and Mark L. Rowley, both of Detroit, Mich., on the brief), for petitioner.

George E. Brand, of Detroit, Mich. (Russell L. Freyman, of Detroit, Mich., on the brief), for respondent.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. At a sale of the manufacturing plant of the bankrupt company, made after adjudication, but while a receiver was in charge, the present petitioner became the purchaser. The sale was reported to a creditors' meeting and con-

firmed; the petitioner, at the sale, paid to the receiver $10,000 on account of the purchase price. Later the purchaser applied to the referee for an order to vacate the sale and refund the purchase price paid. The grounds of the application were that no sufficient petition had been filed by the receiver for leave to sell; that no sufficient order was made by the referee authorizing the sale; that the property was not perishable, and there had been no showing of emergency requiring the sale; and that the sale was made free from liens, but good title could not be given. The referee denied the petition, the District Court affirmed the referee's order, and the purchaser has come to this court with his present petition to revise.

1. The adjudication was had and the receiver appointed August 25th. The referee called the first meeting of creditors for September 18th and gave them more than 10 days' notice of a public sale of all the property to be held September 17th. It was so held; on the next day the sale was reported to the creditors' meeting, which elected a trustee, and adjourned until the 19th, when it approved the sale, which was then duly confirmed. The purchaser acquiesced in this confirmation, and made no objection until November 1st. In the meantime the first payment had gone along to the trustee, and the purchaser had paid to the trustee $15,000 further on account.

Without going into the questions argued as to the necessity of an initial petition and as to the power of the court to permit a sale of nonperishable property by a receiver, we conclude that this sale, with the status it had acquired when the purchaser asked to be released, was not to be escaped at his request. By the adjudication, at the latest, the court acquired full jurisdiction to make or approve sales; the statutory notice to all creditors had been given; the trustee, coming into office, found an incomplete sale pending; it then became a matter between purchaser and trustee; the next day it was approved by creditors; the purchaser acquiesced and made another payment; the trustee acquiesced and acted accordingly; the court acquiesced and confirmed; this status continued some weeks; and the deed which is to be made will be the deed of the trustee. The statutory notice having once been given, we cannot see that any invalidity, if there was any, in the earlier proceedings, can destroy the power of the trustee and the purchaser, with the court's approval, to adopt the existing attempted contract.

No one of the cases cited for petitioner presents a situation substantially like the present. In re Patterson Co. (C. C. A. 9) 293 F. 192; In re Harris (D. C.) 156 F. 875; Boonville Bank Cases (C. C. A. 7) 107 F. 891, 47 C. C. A. 43; In re Fulton (D. C.) 153 F. 664.

2. There was confusion as to whether the sale was free from all liens and incumbrances. In his oral report to the creditors' meeting the receiver said it was. In a written report he said it was not. The parties now agree in this court, and apparently did in the court below, that this written report was a blunder, and that the sale was to be free from liens. If he receives such a title, petitioner cannot complain. It seems to be fully understood that petitioner is not expected to pay the balance of the purchase price, except simultaneously with the discharge of all liens. In the further progress of the matter, the District Court or the referee will doubtless take whatever steps are necessary to see that petitioner is duly protected in this respect.

Subject to such modifications or further orders as may be necessary to give the petitioner the title he ought to have before he pays the balance, the order is affirmed. Since the record does not make satisfactorily clear the character of the title to which petitioner was entitled, the costs of this court will be divided.