KENOVA LOAN & TRUST CO. v. GRAHAM.

(Circuit Court of Appeals, Fourth Circuit. February 21, 1905.)

No. 556.

1. BANKRUPTCY—PETITION FOR REVIEW—QUESTIONS REVIEWABLE.

On a petition for review of an order of a District Court in bankruptcy, as distinguished from an appeal therefrom, questions of law only can be considered.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**2. SAME—PREFERENCES.**

Whether the lien claimed by a creditor of a bankrupt under a trust deed constituted a valid preference under the bankrupt law was a question dependent on the correct determination of the facts relating to the particular transaction, so that a determination thereof adverse to the claimant by the referee and District Court could not be reviewed on a petition for review.

**3. SAME—LIMITATIONS.**

Where a creditor of a bankrupt claimed a lien on certain of the bankrupt's assets under a trust deed, which the referee and the District Court held to be an invalid preference, the claimant, on prosecuting a petition for review to the Circuit Court of Appeals, did not occupy the position of a purchaser for value of the property, or an adverse claimant thereto, within Bankr. Act July 1, 1898, c. 541, § 24, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431], authorizing appeals within six months, but was rather within section 25a, prescribing a ten-day limitation therefor.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of West Virginia.

F. B. Enslow, for petitioner.

Wallace & Fitzpatrick, for respondent.

Before PRITCHARD, Circuit Judge, and BRAWLEY and WADDILL, District Judges.

WADDILL, District Judge. This is a petition to review the action of the United States District Court for the Southern District of West Virginia, taken on the 30th day of May, 1904, disallowing the claim of the petitioner, the Kenova Loan & Trust Company, against the estate of the bankrupt, because the same was a preference within the meaning of the bankruptcy act. The bankrupt, O. M. Page, was a contractor for the construction of five miles of grading on the Naugatuck Branch of the Norfolk & Western Railroad, in the state of West Virginia. In November, 1902, he began dealing with the Kenova Loan & Trust Company, securing from them money from time to time, with which to carry on his contract, giving them assignments of the funds to become due to him from the railroad for construction work in which he was then engaged; and the trust company collected his monthly estimates from the railroad company, less 15 per cent. retained by the railroad, and applied the same to the indebtedness of the said Page. Page first secured a small amount from the trust company, until on the 27th of June, 1903, he owed as much as $3,000. On the 24th of July, 1903, the trust company, in addition to the assignments of the monthly estimates aforesaid, took a trust deed from Page upon a large amount of personal property used in the execution of his contract, consisting of mules, horses, carts, scrapers, drags, etc., to secure a note for $3,000 that day executed; and it thereupon credited him with that amount, less a discount of $20, and charged him up with a previous note then remaining unpaid. Subsequently, on the 22d day of August, 1903, the trust company received the amount of the July estimate from the railroad, amounting to $3,687.97, and charged Page with a note of $804.50, and two checks, leaving a balance in its hands of $2,528.67.

Neither the last-named amount nor any part of the July payment was applied to the payment of this note, but instead the bank loaned Page the further sum of $1,000, less discount thereon, and on the 28th day of August, 1903, placed the two amounts in its hands to his credit, which he drew, and left for parts unknown, without paying his hands or other obligations in connection with his contract, for which it was understood he was drawing the money. After the departure of Page he was duly adjudged an involuntary bankrupt, and the property conveyed under the trust deed as aforesaid was sold in the bankruptcy proceeding, bringing the sum of $1,176.20, which is in the hands of the bankrupt's trustee, two of the mules having been previously sold by consent for $180, and the money turned over to the trust company.

The question at issue is whether these two amounts are to be applied to the general indebtedness of the bankrupt or paid the Kenova Loan & Trust Company by reason of the lien of its trust deed of the 24th of July, 1903, on account of the $3,000 therein secured. Appropriate proceedings were had in the lower court to present these questions, a petition having been filed by John T. Graham, appointed receiver in the cause, and subsequently elected the bankrupt's trustee, to enjoin the sale of the personal property under the trust deed; and the referee awarded a rule against the trust company to show cause why the $180 in its hands should not be paid over to the trustee, to which rule and the petition the trust company duly made answer. Evidence bearing on the questions at issue was taken and passed upon by the referee, who was of opinion that the trust deed was invalid, because it was executed to a trustee who was a stockholder in the trust company, and acknowledged before a notary who was a stockholder and director and president of the trust company, and that the recordation of the same did not constitute even constructive notice to subsequent lien creditors and purchasers of the fact of its recordation under the registry laws of West Virginia; but, assuming the deed to have been properly admitted to record, that the same was invalid under the facts before him, because it created a preference within the meaning of the bankrupt law, and therefore, both as to the $180 and the $1,176.20, the bank was not entitled to a preference, and should refund to the bankrupt's trustee the $180 in its hands. Upon application to review the action of the referee the lower court was of the opinion that the referee was in error as to the recordation of the trust deed, and overruled his decision on that point, but sustained him as to the question of preference; the learned judge of that court saying:

"Upon the second proposition, however, I come to the conclusion, upon the facts stated in the record, that the referee was right in holding that this deed was a preference within the meaning and intent of the bankruptcy act. I am forced to the conclusion that no new consideration passed upon the execution of the deed of trust, but that the transaction was in fact but the renewal of a former note, and was so treated by all the parties; and, further, that the debt secured by it should, under the agreements and understandings of the parties, have been canceled and extinguished on the 22d of August, 1903, upon the receipt by the trust company of the August payment from the N. & W. Ry. Co."

Upon presentation of the petition for review in this court the bankrupt's trustee moved to dismiss the same on the following grounds: First, that a petition for review does not authorize review of questions of fact; second, that it is shown by the petition that the amount in controversy between the petitioner and John T. Graham, trustee, is $1,356, and review does not lie when the amount is in excess of $500; third, the said petition cannot be treated as in the nature of an appeal, because the time for such procedure has expired. The case is now before the court as well upon its merits as upon the motion to dismiss for the reasons stated.

The pleadings in this case clearly present for the consideration of the court a petition for review of the action of the lower court, as distinguished from an appeal therefrom; and on such proceeding questions of law, and not of fact, can be considered and passed upon by this court. Section 24b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]; Brandenburg, § 598; Loveland (2d Ed.) § 312; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Cunningham v. German Ins. Bank, 103 Fed. 932, 43 C. C. A. 377; Courier Journal Job Printing Co. v. Brewing Co., 101 Fed. 699, 41 C. C. A. 614; In re Purvine, 96 Fed. 192, 37 C. C. A. 446; In re Union Trust Co., 122 Fed. 937, 59 C. C. A. 461.

The question of whether or not the lien claimed by the trust company constituted a valid preference under the bankrupt law was one dependent upon the correct determination of the facts in relation to the particular transaction; and that fact both the referee and the lower court having determined adversely to the trust company, this court, treating this as a petition for review, could not disturb, and, treating it as an appeal, should only do so where those tribunals appear plainly to have been wrong in the conclusions reached by them. Under the facts of this case it may be said that there was room for difference of opinion as to just what was the true transaction between the parties; but certainly no such doubt as would justify this court in departing from the well-established rule of accepting the decision of the lower courts, particularly where they both coincide as to what are the facts. This being the view taken by the court upon the question of preference, it is unnecessary for us to pass upon the one discussed at the bar as to whether a petition for review would lies where the amount involved exceeded $500. Nor is it necessary to pass upon whether or not this petition for review should not be treated as, in effect, an appeal; since, if so treated, it would not have been taken within the time prescribed by the statute—that is to say, within 10 days from the time of the decision appealed from. Counsel for the petitioner seeks to take this petition, however, out of the 10-days limitation prescribed by section 25a of the bankrupt act, and insists that it does not occupy the position of one who appeals from an order disallowing a claim referred to therein; but that it is in point of fact a purchaser for value of the property conveyed under the trust deed to secure its debt, and occupies the relation of adverse claimant to such property, and that as to it,

under section 24 of the bankruptcy act, the limitation of 6 months, as distinguished from 10 days, applies. Suffice to say as to these contentions, the court does not concur with the petitioner in either of them, and they cannot avail to afford relief herein.

The order of the District Court is affirmed.