### In re PEDLOW.

#### Petition of BERTINI.

#### (Circuit Court of Appeals, Second Circuit. December 9, 1913.)

#### No. 19.

BANKRUPTCY (§ 117*)—ASSETS—PRIVATE SALE—"PERISHABLE PROPERTY."

The term "perishable property," as used in General Bankruptcy Order 18 (89 Fed. viii, 32 C. C. A. xx), authorizing the bankruptcy court in its discretion to sell perishable property at private sale, is not limited to property which may deteriorate physically, but includes that which is liable to deteriorate in price and value; and hence the court had power to direct the bankrupt's receiver to sell the bankrupt's stock, consisting of handkerchiefs, linens, and merchandise, at private sale, where it appeared that the Christmas sales by retailers had commenced, and that the sale of handkerchiefs, etc., depreciated greatly after the holidays.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 167, 624; Dec. Dig. § 117.*

For other definitions, see Words and Phrases, vol. 6, pp. 5303-5305.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy proceedings of James Pedlow. Petition of Amedeo A. Bertini to revise an order directing the receiver in bankruptcy to sell at private sale the bankrupt's stock, con-

sisting of handkerchiefs, linens, and merchandise, and a further order denying a petition to vacate the original order. Affirmed.

Milton M. Goldsmith, of New York City (Harold Remington, of New York City, of counsel), for appellant.

Isaac Lowenthal, of New York City, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The question here presented is whether the court transcended its powers in ordering a sale of the bankrupt's property at private sale. There can be no question that the receiver, according to his best judgment, acted in the interests of the creditors and we are convinced that he acted wisely. After sending notices to twenty-four department stores offering the merchandise for sale, the receiver obtained three bids, one for $6,500 from Bloomingdale Bros., one from Siegel & Co. for $10,500 and a third for $10,612.50 from Edward Fillmore. Subsequently Siegel & Co. withdrew their bid.

Appraisers were appointed, who found the value of the merchandise to be $8,984.65. Fillmore's being the highest bid offered, the court ordered its acceptance and the amount, $10,612.50, was paid November 30, 1912. After this all parties appeared before Judge Mayer, and, upon full hearing and consideration, he ordered the sale confirmed. As the amount thus received was $1,627.85 above the appraised value and $4,112.50 above the next highest bid, it is obvious that an unusually good price, considering the bankruptcy, was received for the merchandise. Especially is this true in view of the fact that the Christmas sales had commenced and that the sale of handkerchiefs depreciates greatly after the holidays. Not only were the creditors not injured, but, in all probability, were greatly benefited by this sale. The only remedy suggested by the appellant in case the action of the District Judge is disapproved, is a suit against the receiver for damages for misconduct, which would seem to be an abortive proceeding. It is clear, therefore, that the sale should not be disturbed unless the law peremptorily requires it. General Order No. 18 (89 Fed. viii, 32 C. C. A. xx) permits the court, in its discretion, to sell perishable property at private sale and it seems to us that this provision must include property which is liable to deteriorate in value and price, as well as property which deteriorates physically. Unquestionably a cargo of bananas would be perishable, but assume that we are dealing with a cargo of rifles for which belligerents will pay an increased price if immediate delivery can be made, but which will be practically valueless if delivery be delayed. It seems to us that "perishable" fairly construed, means property which, for any reason, will deteriorate in value and that what is and what is not perishable may be safely left to the discretion of the court.

We are convinced that the order was for the best interests of the creditors and should be affirmed.