In re ARMANN.

In re JUDSON.

(Circuit Court of Appeals, Second Circuit. December 18, 1917.)

No. 84.

BANKRUPTCY ☞461—APPEAL—PETITION TO REVISE—TIME OF FILING.

Under rule 38, Second Circuit (150 Fed. liv, 79 C. C. A. liv), a petition to revise an order in bankruptcy must be filed within 10 days after the order sought to be reviewed is entered, and a petition thereafter filed will be dismissed.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the bankruptcy of Charles Armann. Petition by Lucius E. Judson, trustee, to revise an order confirming a report of the referee sustaining the claim of the holder of a chattel mortgage to the proceeds of the mortgaged property. Petition to revise denied.

Frank H. Reuman, of New York City, for petitioner.

Herzfeld & Sweedler, of Brooklyn, for bankrupt.

Before WARD and ROGERS, Circuit Judges, and LEARNED HAND, District Judge.

WARD, Circuit Judge. November 18, 1915, Armann, the alleged bankrupt, executed a chattel mortgage on three horses, some wagons and harness to secure a past-due indebtedness to one D'Alboro, payable on demand. D'Alboro instituted an action in the Municipal Court of the city of New York, Borough of Brooklyn, Sixth District, to foreclose the mortgage, in which action a judgment was entered in his

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

favor for $919.66 and costs. December 1st execution issued, under which the city marshal seized the property.

December 4th an involuntary petition in bankruptcy was filed against Armann. Eo die one of the petitioning creditors filed a petition in the District Court, asking for an order restraining the city marshal from selling, and D'Alboro and his attorneys from interfering with, the mortgaged property. December 11th Judge Chatfield granted the prayer of the petition, and directed that the property should be sold by auctioneers named by him and the proceeds held as a separate fund until the validity of the mortgage was determined.

December 28th D'Alboro filed a petition in the bankruptcy proceeding praying that the fund, after deducting the marshal's fees and the liveryman's charges be paid to him. February 7, 1916, the trustee filed an answer to the petition, alleging that the mortgage was given within four months of the filing of the petition in bankruptcy, for a past indebtedness, when the bankrupt was insolvent, to the knowledge of D'Alboro, who took the same with reasonable cause to believe that a preference was intended.

This issue was referred to the referee in charge as special master, who reported April 24, 1917, that D'Alboro had no reason to believe that Armann was insolvent, and recommended that the fund be paid to the petitioner. May 28th Judge Veeder confirmed the report. June 18th the trustee filed this petition to revise.

As our rule 38 (150 Fed. liv, 79 C. C. A. liv) requires that a petition to revise be filed within ten days after the order sought to be reviewed is entered, the petition is dismissed.