### In re INTER-CITY TRUST.

#### Petition of B. W. NEAL, Inc., et al.

(Circuit Court of Appeals, First Circuit. January 31, 1924.)

No. 1687.

1. Bankruptcy ⬅440—Order of adjudication reviewable only by appeal.

An order of adjudication is reviewable only by appeal.

2. Bankruptcy ⬅443—Right of one creditor to appeal cannot be exercised by other creditors.

The right of an opposing creditor to have an order of adjudication reviewed cannot be exercised by other creditors, not then parties to the proceedings.

3. Bankruptcy ⬅444—Petition to revise cannot be maintained after six months.

An order cannot be reviewed on a petition to revise filed more than six months after the order was entered.

4. Bankruptcy ⬅444—Trustees held necessary parties to petition to review order.

An order for sale of property, made on petition of the trustees, is not reviewable in proceedings to which they are not made parties.

5. Bankruptcy ⬅440—Order held not reviewable on petition to revise.

An order for sale of property as perishable, made after full hearing, is not reviewable on petition to revise in matter of law, under General Order XVIII (3).

Petition to Revise in Matter of Law the Proceedings of the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

In the matter of Inter-City Trust, alleged bankrupt. On petition of B. W. Neal, Inc., and others, to revise orders of District Court. Petition dismissed.

Ira Dudley Farquhar, of Brookline, Mass., for petitioners.

Joseph B. Jacobs, of Boston, Mass., for respondents.

Before JOHNSON and ANDERSON, Circuit Judges, and PETERS, District Judge.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ANDERSON, Circuit Judge. This petition to revise presents no question of law for our determination. It is unduly voluminous and contains a mass of utterly irrelevant matter.

Four alleged (for present purposes we assume actual) creditors of the Inter-City Trust filed in this court, on December 3, 1923, this petition, under section 24b of the Bankruptcy Act (Comp. St. § 9608), naming as respondents the creditors who filed the original petition in bankruptcy on December 1, 1922. The trustees are not made parties. The petition involves two main contentions: (1) That the bankruptcy court had no jurisdiction to adjudicate the Inter-City Trust a bankrupt; (2) that the sale of the property as perishable, without formal notice to the creditors, was wrong. Neither question is open on this record. Briefly, as to the controlling facts:

[1] In the petition filed by the respondents herein, on December 1, 1922, it was alleged that the Inter-City Trust was "a voluntary association and unincorporated company," that had committed an act of bankruptcy within four months. There was no lack of jurisdictional allegation. Four creditors, not parties to these proceedings, appeared and challenged the jurisdiction on the ground that the Inter-City Trust was not "a voluntary association and unincorporated company" within the meaning of the act. After various proceedings—not material except as hereinafter noted—on June 5, 1923, the answers of the opposing creditors were withdrawn; the Inter-City Trust had filed no answer; adjudication was then made as of course on June 6, 1923. It is settled that adjudication can be reviewed only by appeal. In re Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725; 1 Remington (2d Ed.) § 2893, and cases cited.

[2] The petitioners contend that two creditors should have had a status, as answering and opposing creditors, to take such appeal, and that the petitioners may now avail themselves of errors alleged to have been made in depriving those creditors of such status, on this petition to revise. The first of such creditors is Etherington, whose proceedings are set forth at length in this record. Etherington filed on February 26, 1923, a motion to dismiss on the ground that the Inter-City Trust was not within the scope of the Bankruptcy Act. This pleading was, on the motion of the petitioning creditors, struck from the record. Etherington is a stranger to these proceedings. His rights, if any, cannot be brought before this court by other creditors.

The other creditor is Frank W. Palmer, one of the petitioners. He also, on May 22, 1923, sought to intervene, and moved to dismiss the petition for lack of jurisdiction. On May 25, 1923, leave to file his pleadings was denied by the District Court.

[3] If we assume, without deciding, that under section 59f of the Bankruptcy Act (Comp. St. § 9643) Palmer may have had a right of review by this court (but see 1 Remington [2d Ed.] § 319; In re Coal Exchange [C. C. A.] 280 Fed. 638, 646, certiorari denied 259 U. S. 584, 42 Sup. Ct. 587, 66 L. Ed. 1075; In re Connecticut Brass, etc., Corp. [D. C.] 257 Fed. 445; In re Herlehy Co. [D. C.] 247 Fed. 369; In re Mutual Mercantile Agency [D. C.] 111 Fed. 152), it cannot be reviewed on this petition, for it was not brought until December 3,

1923, more than six months after the entry of the order sought to be reviewed.

See In re Worcester, 102 Fed. 808, 42 C. C. A. 637; Kenova Trust Co. v. Graham, 135 Fed. 717, 721, 68 C. C. A. 355; Blanchard v. Ammons, 183 Fed. 556, 558, 559, 106 C. C. A. 102; 3 Remington (2d Ed.) §§ 2992–2999, and cases cited.

Emphasis is lent to the conclusion that the petition is too late by the fact that in the Second Circuit, under rule 38 (150 Fed. liv), such petitions to revise must be brought within 10 days after the entry of the order sought to be reviewed. In re Vanoscope Co., 233 Fed. 53, 47 C. C. A. 123; In re Armann, 247 Fed. 483, 159 C. C. A. 537.

[4, 5] The other contention is that there was error in ordering the sale of heavily mortgaged unproductive real estate as perishable property. No question of law as to the sale proceedings is presented to us in this petition. The receivers, subsequently elected trustees, on whose petition the sale proceedings were initiated, are not even made parties. This alone would be fatal. It appears that an order for a sale without notice under section 58 (Comp. St. § 9642), on the ground that the property was perishable because the real estate was covered by overdue mortgages on which foreclosure proceedings were threatened, was made by the District Court on June 6, 1923. For some reason the sale was not then had. On subsequent proceedings, many of the details of which are now unimportant, the whole problem of disposing of the property was carefully considered by the referee, whose action in approving of the sale was, as the District Court found when approving the sale on October 18, 1923, "taken after full hearings, which were attended by all parties in interest; more than ample opportunity being given to the petitioners to propose and consummate some other and more advantageous sale. The learned referee listened with unwearied patience to all objections of the petitioners." It follows that, even if there had been doubt about the original power of the court to order a sale of unproductive, heavily mortgaged, realty as perishable, the present petitioners have no standing to urge that contention in this court. Cf. Remington (2d Ed.) § 1944; In re Pedlow, 209 Fed. 841, 126 C. C. A. 565; In re Harris (D. C.) 156 Fed. 875; In re Milne Co., 21 Am. Bankr. Rep. 468; General Order XVIII (3); In re Edes (D. C.) 135 Fed. 595; In re Reinstein, 39 Am. Bankr. Rep. 856.

We may also observe generally that the proceedings in this case illustrate the necessity of strict enforcement of the statutes and rules and orders intended to promote speed and efficiency in bankruptcy administration. No system of law could be more inefficient, wasteful, and generally intolerable than bankruptcy, if the assets belonging to creditors are permitted to be frittered away as the result of protracted delays in unwarranted litigation.

Petition dismissed, with costs.