## BRAMOW v. ROBBIN.
### No. 5028.

Court of Appeals of District of Columbia.

Argued March 4, 1931.

Decided May 4, 1931.

E. Hilton Jackson, of Washington, D. C., for appellant.

Leon Robbin, of Washington, D. C., pro se.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from an order of the Supreme Court of the District in a bankruptcy proceeding.

It appears that, after the hearings before the referee in bankruptcy, the trustee filed a petition asking that the bankrupt be compelled to turn over to him the sum of $44,622.20, alleged to be fraudulently concealed by the bankrupt or under his control. The bankrupt answered, and the case was tried before the referee, who found that there had been a failure on the part of the bankrupt to account for $29,000. The referee accordingly ordered that amount to be turned over to the trustee.

A petition for review was filed by the bankrupt in the Supreme Court of the District, where, after hearing, a motion was filed by the bankrupt for a re-reference to the referee, or for a rehearing by the court. Attached to this motion, and appearing for the first time in the case, was an affidavit of one Frank Birmbaum, showing a payment by the bankrupt to Birmbaum of the sum of $18,000 about four months before the petition in bankruptcy was filed. The motion was denied, and an order entered confirming the turnover order of the referee. From the de-

nial of the motion, and the order dismissing the petition to review, this appeal was taken.

[1, 2] The assignment of errors seeking a review of the testimony before the referee by this court need not be considered further than to announce the rule prevailing in the federal courts, as stated in Free v. Shapiro (C. C. A.) 5 F.(2d) 578, as follows: "The report of the referee was entitled to great weight because the witnesses, including the bankrupt, testified before him; but it was not conclusive on the District Court. On a petition to superintend and revise, the District Court's findings of fact are conclusive in this court when there is substantial conflict in the testimony. In such case we can reverse only for error in the application of law to the facts."

Coming to the remaining assignments of error to the effect that the court erred in not reopening the case, we think these assignments can be summarily disposed of. The affidavit of Birmbaum was dated September 10, 1927, which was over a month before the petition for the turnover order was filed with the referee, and ten months before the turnover order was made, and did not appear in the proceedings until after the petition for review had been heard in the Supreme Court of the District, when it was attached to the motion for rehearing or re-reference. No offer was made to subpœna or produce Birmbaum if a rehearing were granted, hence we agree with the holding of the court below; as follows: "No reason is shown why the affidavit of Birmbaum, even if competent evidence, was not produced before the Referee; nor does it appear that Birmbaum will appear if the hearing should be reopened."

The order, dismissing the petition to review, is affirmed, with costs.