## LE BLANC v. FIDELITY TRUST CO. et al.
### No. 2776.

Circuit Court of Appeals, First Circuit.

May 23, 1933.

Frank H. Pardee, of Boston, Mass., for appellant.

Lester H. Willard, of Sanford, Me. (Hiram Willard, of Sanford, Me., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal under section 25 of the Bankruptcy Act (11 USCA § 48) from an adjudication of bankruptcy by the Bankruptcy Court for the District of Maine.

Upon the petition of three creditors the appellant was adjudged an involuntary bankrupt. The act of bankruptcy alleged was an

assignment for the benefit of the bankrupt's creditors.

The errors assigned are: (1) That one of the petitioning creditors was a secured creditor, and did not have a provable claim; (2) that no act of bankruptcy was committed because the assignment was not a general assignment of all the alleged bankrupt's property.

The Judge of the District Court in adjudging the appellant a bankrupt must have found that the three petitioning creditors had provable claims over and above any securities held by them in excess of $500, and that the appellant had committed an act of bankruptcy by making a general assignment for the benefit of his creditors.

█ His findings of fact, 'unless clearly wrong, must govern the case.

On the question of whether the three petitioning creditors had provable claims in excess of $500, it appeared that the claim of Willard & Willard, who had acted as counsel for the alleged bankrupt on previous occasions, had a claim, which is not disputed, of $69.25; that the Sanford water district, one of the other petitioning creditors, had an acknowledged valid claim of $222.94. The only issue under this assignment of error is whether the Fidelity Trust Company, which held the notes of the alleged bankrupt in the respective amounts of $3,875 and $1,500 secured by junior mortgages on real estate—although the trust company does not now rely on the note for $1,500 as a claim—had a provable claim to the amount of at least $208.

█ The judge of the District Court found it had. Upon the record before this court, it cannot be said that his finding was clearly wrong. The bankrupt and his wife were the owners of two parcels of real estate, one in his name situated on Riverside avenue, and the second in the name of his wife located on Shaw street in the town of Sanford. The Riverside avenue property was subject to a first mortgage given to the Sanford Loan & Building Association on which there was due the sum of $2,756, which had been foreclosed and possession taken by the mortgagee. The property on Shaw street was subject to a first mortgage on which there was due the sum of $2,900, or a total incumbrance on both parcels prior to the security held by the trust company of $5,656. A witness familiar with real estate values in the town of Sanford, and with the property in question, testified that there was no equity in either parcel of real estate above the senior mortgages. While

the note for $3,875 given to the trust company is the joint note of the bankrupt and his wife, there is no evidence that the wife has any financial responsibility except as owner of the equity in the second parcel on Shaw street.

The only evidence as to the value of the real estate was the opinion of the real estate expert, and the assessed value of the two parcels, which is $5,000. With senior mortgages on the two parcels on which there was due $5,656, one of which had been foreclosed, it would appear that the finding of the judge of the District Court that the two parcels were not also fully sufficient to secure the note held by the trust company in the amount of $3,875, together with some additional interest, was warranted by the evidence.

Section 59b of the act (11 USCA § 95 (b) provides that "three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the * * * securities held by them, if any, to $500 or over * * * may file a petition to have him adjudged a bankrupt."

█ The judge of the District Court, therefore, was warranted in finding that these three creditors, in addition to any securities held by either of them, had claims aggregating over $500, and were qualified to file the petition. In re Smith (D. C.) 176 F. 426, 434.

█ As to the second alleged error, viz., that the alleged bankrupt had committed no act of bankruptcy, since his assignment did not include his real estate and therefore was not a general assignment for the benefit of creditors, the assignment was before the judge of the District Court, and its interpretation was a matter of law, unless he found it was ambiguous. While it is not described in the petition as a general assignment, if it appears on its face or from the evidence that it was in fact a general assignment, it constituted an act of bankruptcy. It expressly provided for the conveyance of "all the property and estate, both real and personal," of the alleged bankrupt, wherever situate. While in the "more particular description" the assignment refers to a stock of merchandise in a store in Sanford, it also specifically refers to all deeds, written instruments, evidences of title, and papers relating to the business dealings and property of the bankrupt.

The habendum clause is as follows: "To Have and to Hold all said real and personal estate and property to the party of the second part * * * for the following uses

and purposes: 1st. To convert all said property, except said deeds, books of account, written instruments, evidences of title and papers into cash * * * and for that purpose to sell said property or any part thereof at public auction or private sale." It was further provided that the trustee might discharge all liens or incumbrances or mortgages on said trust property, and execute any deeds and releases necessary and proper to carry into effect and perform the trusts therein declared, all of which terms were applicable to a trust in relation to real estate as well as personal property.

It is also evident, we think, from other provisions in the assignment that the alleged bankrupt intended to, convey all his property to the trustee named for the benefit of his creditors, since provisions were made, in case a petition in bankruptcy was filed within four months, to turn over to the trustee in bankruptcy such of the said trust property as the trustee in bankruptcy might be entitled in law.

The bankrupt was permitted to testify that he did not intend to include the real estate in the assignment; but, whatever his intentions, the language of the assignment is sufficiently broad to include any interest he may have had in real estate. The judge of the District Court, therefore, in view of the express provisions of the assignment, may not have given any credence or weight to his testimony in this respect.

The decree of the District Court is affirmed, with costs of appeal.