**HILL v. DOUGLASS.**

No. 7382.

Circuit Court of Appeals, Ninth Circuit.

Aug. 5, 1935.

Walter Rowson, of Reno, Nev., for appellant.

Andrew L. Haight, of Fallon, Nev., and Grainger & Hunt, of Los Angeles, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and ST. SURE, District Judge.

ST. SURE, District Judge.

This is an appeal under section 24b of the Bankruptcy Act, as amended by Act May 27, 1926, § 9 (11 USCA § 47 (b), by a trustee in bankruptcy, from an order of the District Court of Nevada confirming certain sales of personal property made under authority of court by a receiver, acting in both an equity case and a bankruptcy proceeding (consolidated for the purpose of administration) involving the same property and the same parties.

On January 31, 1933, an involuntary petition in bankruptcy was filed against A. D. Drumm, Jr., Inc., hereinafter called the Drumm corporation, in the United States District Court of Nevada. On March 13th, adjudication not having been had, Walter J. Tobin as receiver of the Reno National Bank, filed an equity suit against the Drumm corporation and Drumm and wife, seeking to foreclose a mortgage on certain real estate and personal property belonging to the corporation, which mortgage had been given to the bank to secure a promissory note in the sum of $50,000. The complaint alleged that the property securing the note was not worth more than half the amount due (then approximately $55,000), and that appointment of a receiver was necessary to preserve the security. Thereafter R. L. Douglass was appointed receiver for the Drumm corporation in the equity case, with the usual direction to assemble, take possession of, and preserve the property. On May 6, 1933, the receiver filed his petition for an order to sell sufficient of the personal property covered by the mort-

gage to provide funds to meet the expenses of administration and the balances due on conditional sales contracts, in order to prevent repossession of certain property by the sellers. It was asserted that the personal property consisted of road-making machinery which was situated at various points in a large area, and that the property was in danger of deterioration and theft unless properly protected. Upon the showing made, the court entered an order authorizing the equity receiver to sell so much of the property as was necessary to meet the reasonable expenses and necessary outlays in connection with the receivership trust and directing him to give notice of his intention to receive bids in writing, by publication in a newspaper of general circulation for one week, and further directing him not to sell any article for less than what might be offered by a responsible person by the terms of a bid submitted pursuant to the published advertisement.

Thirteen days prior to adjudication, petitioning creditors in the bankruptcy proceeding petitioned the court to stay the foreclosure suit and to enjoin the proposed sale by the equity receiver, whereupon the court, sitting in bankruptcy, issued an order to show cause why injunction should not issue. Hearing on the show cause order was had May 20th, at which time the court entered an order in which it was recited that a question had been raised respecting the authority of such equity receiver to act in the face of the bankruptcy proceedings; and, upon its own motion, the court appointed R. L. Douglass temporary receiver in bankruptcy, and authorized him to sell, subject to the approval of the court, any portion of the property necessary to provide means for the expenses necessarily incurred for the protection and conservation of any property of the corporation.

The Drumm corporation was adjudged a bankrupt on May 25, 1933, and all proceedings therein were referred to the referee in bankruptcy. Pursuant to notice, the first meeting of the creditors was held, and Charles J. Hill, appellant herein, was appointed trustee in bankruptcy. Thereafter, on June 17th, the referee issued a turnover order, requiring the receiver to surrender to the trustee of the estate all the assets of the bankrupt estate. The receiver did not comply, and,

acting upon the authority theretofore given by the court, sold the property.

On June 27th the receiver filed his report and inventory in the equity case, among other things showing sales of personal property to Dodge Construction, Inc., amounting to $7,120.65. On the following day he filed his final account and report as receiver in bankruptcy, setting forth substantially similar facts, with the addition of another item of $259.45.

The cases were consolidated for administration.

Pursuant to notice to creditors that the receiver had filed his report and account, hearing was had, at the conclusion of which the referee made an order refusing to confirm the sales or to allow compensation to the receiver or his counsel. The receiver petitioned for review of the order by the District Court.

On July 13th the trustee filed his objections to the report and inventory of the receiver in the equity case and also his objections to the report of the receiver in bankruptcy. The objections were, substantially, that the sales were unnecessary to meet the expenses of protecting and conserving the property, that the prices received were inadequate, and that the sales were not fairly conducted. Thereafter the District Court entered an alternative order, requiring the receiver in bankruptcy to turn over the assets of the bankrupt to the trustee, conditioned upon the receiver of the Reno Bank giving consent thereto, and, in the absence of such consent, requiring the bank receiver to show cause why the mortgaged assets of the bankrupt should not be turned over to the trustee. Hearing was had on the show cause order, at which time the District Court issued an order compelling the receiver in bankruptcy to turn over the balance of the bankrupt's assets to the trustee.

The receiver filed his final account and report in the consolidated matter, praying that the sales be confirmed and for an allowance of compensation to himself and his counsel.

The foregoing matters came on for hearing before the District Court on November 2, 1933, where, by consent of the parties, the case was tried de novo.

The receiver testified that the sales were necessary to provide means to meet balances due on conditiona_ sales con-

tracts; that he had paid three claims growing out of such contracts, two to prevent repossession and one to regain property that had been repossessed; that he had advertised the sale in a newspaper in Reno and in Fallon, Nev., but had received no bids; that he had written letters to contractors whom he knew, inclosing a list of the property for sale, and had received no replies; that he had had no better offer for the property than that made by the Dodge Company; and that the prices received were fair, and in his opinion the maximum value of the property. By a short examination of the witness by the court, it was shown that the receivership estate benefited in value to the extent of approximately $8,850, which included several hundred dollars rental for certain equipment saved from repossession by the sellers under conditional sales contracts. It was also shown that the appraisers appointed by the court had valued the equipment which was sold for $7,120.65 at $6,214.50.

In support of the trustee's objections, the president of the bankrupt corporation testified that sixty days prior to the sale the property had been appraised at $12,100 and that it had not depreciated in the interim; that, by selling "key units" of the bankrupt's property to his closest competitor, the entire structure of his business had been materially damaged; that the property sold had been grossly undervalued; that the charges for moving the equipment by Dodge were exorbitant; and that another method of transportation would have been more economical.

The court found that the receiver, acting under authority of the court, had sold certain property; that the sales were necessary to provide means for expenses necessarily incurred for the protection and conservation of the property; that the sales were legally made and fairly conducted; and that in each instance the price received for the property represented a reasonable value thereof. Thereupon the court entered its order, approving the final account of the receiver, ratifying, approving, and confirming the sales, and awarding compensation to the receiver and his counsel.

The trustee appealed.

Review by this court under section 24b, supra, is confined to matters of law. In re Eilers Music House (C. C. A.) 270 F. 915, affirmed on rehearing (C. C. A.) 274 F. 330, certiorari denied 257 U. S. 646, 42 S. Ct. 55, 66 L. Ed. 414; Banco Commercial De Puerto Rico v. Hunter Benn & Co. (C. C. A.) 31 F.(2d) 921; Moore Dry Goods Co. v. Brooks (C. C. A.) 240 F. 943.

In the case at bar it is immaterial whether the sales be treated as having been made in bankruptcy or in equity, inasmuch as the same receiver sold the same property under authority and with the approval of the same court, and the consolidated matter was tried de novo. Therefore the technical requirements of the Bankruptcy Act need not necessarily be applicable.

There are six assignments of error, the first five of which are directed to the confirmation of sale by the lower court, on the grounds that the sales were confirmed without notice to creditors; that they were private and "without any authorization or order of court"; that the authority of the receiver, both in bankruptcy and in equity, was limited; and that the sales were unfairly conducted and the prices received were inadequate.

We do not deem it necessary to prolong this opinion by a detailed analysis of appellant's contentions. Suffice it to say that a careful consideration of the entire record, particularly the orders authorizing the sales, taken in connection with the evidence supporting the findings of the District Court, convinces us that there is no merit in the points raised. Every objection, except that confirmation was had without previous notice to creditors (hereinafter referred to), is directly in conflict with the findings of the lower court, which, when based upon conflicting evidence, are presumptively correct and will not be disturbed except for serious factual error or mistake of law. Coder v. Arts (C. C. A.) 152 F. 943, 946, 15 L. R. A. (N. S.) 372, affirmed 213 U. S. 223, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Wingert v. President, Directors, etc., of Hagerstown Bank (C. C. A.) 41 F.(2d) 660, certiorari denied 282 U. S. 871, 51 S. Ct. 77, 75 L. Ed. 769; Chicago Bank of Commerce v. Carter (C. C. A.) 61 F.(2d) 986; National Refining Co. v. Pennsylvania Petroleum Co. (C. C. A.) 66 F.(2d) 914, 918; McDonald v. First National Bank (C. C. A.) 70 F.(2d) 69.

■ Appellant assigns as error that the sales were approved and confirmed by the court "without proper and precedent notice thereof to creditors theretofore given," but in his brief he argues the point that the receiver failed to give notice to creditors of the contemplated sales. From the answering argument of appellee, we infer it was the receiver's alleged failure that was meant to be assigned as error. Assuming this to be the fact, we repeat that the findings of the lower court, based upon substantial evidence, are conclusive on appeal. Bachman v. McCluer (C. C. A.) 63 F.(2d) 580; Le Blanc v. Fidelity Trust Co. (C. C. A.) 65 F.(2d) 442; Bramow v. Robbin, 60 App. D. C. 209, 50 F.(2d) 499; In re Maki (C. C. A.) 18 F.(2d) 89; In re Floore (C. C. A.) 16 F.(2d) 113.

■ The contention that there was no showing that the property sold was perishable and therefore the court could not order its sale is untenable. It will be conceded that road-making equipment is not within the ordinary concept of perishable property. Yet the courts have been liberal in their construction of this term and have held it to include not only that which may deteriorate physically, but that which is liable to deteriorate in price and value. In re Pedlow (C. C. A.) 209 F. 841; In re Inter-City Trust (C. C. A.) 295 F. 495.

■ The last assignment is to the allowance of compensation to the receiver in excess of the commissions allowed by law, without precedent application therefor specifying the amount asked and without notice to creditors. Reference to the record discloses that at the hearing before the referee and in the lower court appellant made no objection to such allowance, although the final account of the receiver asked that compensation be allowed. Objections not brought specifically to the attention of the lower court will not ordinarily be considered on appeal. There is nothing in the record before us to warrant an exception to that rule. Louis Share Gan v. White (C. C. A.) 258 F. 798; Wight v. Washoe County Bank (C. C. A.) 251 F. 819; In re Boston Dry Goods Co. (C. C. A.) 125 F. 226, certiorari denied 192 U. S. 604, 24 S. Ct. 848, 48 L. Ed. 584.

We find no error upon which reversal should be predicated. We are in accord with the views expressed in Re Pneumatic Tube Team Co., 60 F.(2d) 524, 527, in which the court remarked:

"Nothing should be done to weaken confidence in the stability of judicial sales. There must be some real cause before they will be upset. Inadequacy of price alone is rarely sufficient—that is, there must be proven gross inadequacy, or circumstances from which palpable mistake or fraud is to be inferred. * * * Here the appraised value was slightly exceeded. Were the court to rescind the sale and order another, there is no assurance whatever that the property could then be disposed of at all. Certainly, under these circumstances, the court would not be justified in depriving a bona fide purchaser of his rights."

Affirmed.