## PATENT CEREALS v. FLYNN.

### No. 320.

Circuit Court of Appeals, Second Circuit.

June 7, 1945.

William Harris, of Brooklyn, N. Y. (Edwin M. Slote, of New York City, of counsel), for Patent Cereals.

Glass & Lynch, of New York City (Joseph Glass and Leslie Kirsch, both of New York City, of counsel), for John L. Flynn, trustee of V. Loewer's Gambrinus Brewing Co., Inc., debtor.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal by Patent Cereals, a creditor of V. Loewer's Gambrinus Brewing Co., Inc., from an order which dis-

missed the reorganization proceeding of the latter brought under Chapter X, Bankr. Act, 11 U.S.C.A. § 501 et seq., and remitted it to the involuntary proceeding in bankruptcy which had been instituted against it on January 8, 1943. On January 9, 1943, John L. Flynn was appointed receiver in bankruptcy and on February 24, 1943, before any adjudication, the Brewery Company filed its petition for reorganization which was duly approved. Thereafter Flynn was appointed trustee in the Chapter X proceeding. On May 23, 1943, the District Court made an order authorizing a contract of sale by the trustee of certain physical assets of the debtor to Brewery Management Corporation at a price of $100,000, subject to a mortgage of $75,000, and this court in its decision in Re Loewer's Gambrinus Brewery Co., Inc., 2 Cir., 141 F.2d 747, sustained the order as valid under Chapter X. On September 15, 1944 the trustee reported that all the assets of the debtor with the exception of certain accounts receivable, claims and choses in action had been sold in accordance with the order and that the only assets remaining in the trustee's possession were cash in bank and "whatever balance of monies may be realized from the accounts receivable, claims and choses in action". The order further stated that, in the opinion of the trustee, a plan of reorganization could not be "formulated and effected" and recommended that the proceeding under Chapter X should be dismissed and the original bankruptcy proceeding pursued in order to distribute the proceeds of the corporate property.

On October 18, 1944, after a notice to creditors and stockholders of the debtor, pursuant to order of the District Court, Patent Cereals, which was not only a creditor but one of the petitioning creditors, filed a proposed Plan of Reorganization, dated October 9, 1944, setting forth that there was no equity for the stockholders in the corporate assets because the company was insolvent and providing for an immediate sale of the remaining claims and choses in action, payment of administration and reorganization expenses, operating expenses of the receiver and trustee, wage claims, tax claims of the United States, the State of New York and the City of New York, and for a distribution of the balance on hand among the general creditors.

■ After a hearing upon the proposed plan of reorganization, and upon the report of the trustee in opposition to it, the District Court made the order from which this appeal has been taken, disapproving the plan, dismissing the Chapter X proceeding and directing that the pending bankruptcy of the Brewing Company be proceeded with. While the plan proposed was opposed by the trustee it seems to have accorded with the wishes of the creditors who appeared at the hearing. The court apparently favored it on the merits and disapproved it only on account of a supposed lack of jurisdiction to effect a liquidation under Chapter X because Section 236 of Chapter X provides that where no plan is approved and the judge has granted no further time for the proposal of a plan, he shall "enter an order dismissing the proceeding under this chapter and directing that the bankruptcy be proceeded with pursuant to the provisions of this Act; * * *." It is evident that the judge did not consider the plan on the merits, as we think he was bound to do under Section 174, but only disapproved it on the supposition that he had no jurisdiction to entertain it because it was nothing more than the equivalent of a liquidation in bankruptcy. We recently held in Country Life Apartments v. Buckley, 2 Cir., 145 F.2d 935, that where a plan for reorganization provided for a sale of the debtor's property and full cash payment of claims it might properly be approved in a Chapter X proceeding. Our decision in Re Porto Rican American Tobacco Co., 2 Cir., 112 F.2d 655, was to the same effect, and the Court of Appeals of the Seventh Circuit reached a similar conclusion in Re Lorraine Castle Apartments Bldg. Corp., 7 Cir., 149 F.2d 55, which approved our decision in Country Life Apartments v. Buckley, supra.

■ Where the petition for reorganization has been filed in good faith and the court has found such to be the case we think that it can make no difference whether a sale of the debtor's property has preceded or is made a part of the plan of reorganization. In either case if the plan finally proposed is fair and equitable it ought not to be necessary to dismiss the proceeding and proceed with straight bankruptcy.

The District Judge in his opinion much relied on the fact that Section 236 of Chapter X differs somewhat in its wording from subsection c(8) of former Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, sub. c(8). Those subsections, in situations

like the present, clearly permitted liquidation in the reorganization proceeding and did not require remission to straight bankruptcy. The applicable clauses of Section 77B read as follows: "Upon approving the petition or answer or at any time thereafter, the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him, * * *; (8) if a plan of reorganization is not proposed or accepted within such reasonable period as the judge may fix, or, if proposed and accepted, is not confirmed, may, after hearing, whether the proceeding be voluntary or involuntary, either extend such period or dismiss the proceeding under this section or, except in the case of a railroad or other public utility or of a debtor which has not been found by the judge to be insolvent, direct the estate to be liquidated, or direct the trustee or trustees to liquidate the estate, appointing a trustee or trustees if none shall previously have been appointed, as the interests of the creditors and stockholders may equitably require."

We think that the difference between the wording of subsection c(8) of Section 77B and Section 236 of Chapter X, if of any significance, is at most only relevant to instances where the court has disapproved a plan after considering it on the merits and without giving further time for the proposal of another. This was not the situation here.

But it is contended by the appellant that jurisdiction to entertain the proposed plan was lacking because the only authority to entertain it under Chapter X is given by Section 216 and clause (10) providing that: "A plan of reorganization * * * (10) shall provide adequate means for the execution of the plan, which may include: the retention by the debtor of all or any part of its property; * * * the sale of all or any part of its property, * * * at not less than a fair upset price and the distribution of all or any assets, or the proceeds derived from the sale thereof, among those having an interest therein; * * *."

In view of the foregoing provisions it it said that if there is a sale of the debtor's property in the course of any Chapter X proceeding, the sale in order to justify a liquidation of the estate under Chapter X must have been in pursuance of a plan of reorganization, and that otherwise the proceeding must be remitted to the bankruptcy court for liquidation in straight bankruptcy. But there is nothing in Section 216 which precludes approval of a plan of reorganization after a sale of all or a substantial part of a debtor's property in the course of administration under a Chapter X proceeding. Subsection (10) merely *permits* a plan providing for such a sale. It does not forbid a plan where the sale has occurred before the plan is submitted for approval and there will often be a saving of time and expense in such a plan. Moreover, subsection (14) of Section 216 says that a plan of reorganization "may include any other appropriate provisions not inconsistent with * * * this chapter."

Finally, we cannot take the view of the District Judge that the opinion of Justice Roberts in Fidelity Assurance Ass'n v. Sims, 318 U.S. 608, 63 S.Ct. 807, 812, 87 L.Ed. 1032, required him to dismiss the reorganization proceeding under Chapter X and to proceed with the pending bankruptcy proceeding against the debtor. In Fidelity Assurance Ass'n v. Sims, supra, it was found that the petition for reorganization under Chapter X had not been filed in good faith because from the very outset it was apparent that no readjustment of the rights of creditors was possible and that "the interests of creditors would be best subserved in the pending prior proceedings in West Virginia and other states." See our opinions in Re Loewer's Gambrinus Brewery Co., 2 Cir., 141 F.2d 747, 749, and Country Life Apartments v. Buckley, 2 Cir., 145 F.2d 935, 938, quoted as distinguishing Fidelity Assurance Ass'n v. Sims in Matter of Lorraine Castle Apartments Bldg. Corp., 7 Cir., 149 F.2d 55. In the case at bar there was no showing of lack of good faith on the part of the debtor when it filed the petition for reorganization. On the contrary at that time there seems to have been a reasonable expectation of being able to resume its business. Moreover, the petition was approved and no appeal from the order approving it was taken. In Fidelity Assurance Ass'n v. Sims, 318 U.S. 608, 63 S.Ct. 807, 87 L.Ed 1032, the court did not turn the reorganization proceeding into straight bankruptcy but affirmed a decree of dismissal which left liquidation proceedings pending in the various states to be continued.

As matters stand the District Court has only passed upon a question of law. There is no evidence that the plan proposed or some other will not result in a composition of the rights of creditors and a distribution among them which will be more prompt

and less expensive than would be the case if the pending bankruptcy were proceeded with and a new administration entered upon. At any rate we hold that a plan has been proposed which does not contravene the statute and that the District Judge should approve or disapprove of it on the merits and thereupon proceed as provided in Sections 236, 237 and 238 of the Chandler Act.

The order is reversed with directions to proceed in accordance with the views expressed in this opinion.