## In re NATIONAL REALTY TRUST.

### BAUMANN v. MOSSER et al.

### No. 9450.

Circuit Court of Appeals, Seventh Circuit.

March 2, 1948.

See also 167 F.2d 440.

Charles F. Short, Jr., and Ross Langdon, both of Chicago, Ill., for appellant.

Harry A. Biossat, of Chicago, for National Realty Trust.

Carl Wesley Mulfinger, Delta I. Jarrett, James H. Deming, and J. Edgar Kelly, all of Chicago, Ill., for Stacy C. Mosser, successor trustee.

Roger S. Foster, Sol. Securities and Exchange Commission, of Philadelphia, Pa., and Thomas B. Hart, Regional Administrator, G. Gale Roberson, John I. Mayer, Attys., Securities and Exchange Commission all of Chicago, Ill., and Sidney H. Willner, Associate Sol., and Aaron Levy, Atty., Securities and Exchange Commission both of Philadelphia, Pa., for appellees.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This appeal is from an order, entered June 13, 1947, sustaining a motion of appellees to strike a motion filed by appellant seeking to vacate an order entered May 24, 1935, approving a petition for reorganization, and to dismiss the proceedings. The proceedings were instituted upon a creditor's petition filed December 26, 1934, under Sec. 77B of the Bankruptcy Act, Title 11 U.S.C.A. § 207, sub. a. By an order dated January 31, 1941, the District Court made applicable to the proceedings certain designated sections of Chap. 10, and reserved the right to apply such other sections as might appear proper to the court. During the intervening years between 1935, when the petition for reorganization was approved, and the time of the entry of the order appealed from, numerous orders were entered, in the main not material to the questions raised on this appeal. It may be pertinent to note that the appellee Securities and Exchange Commission entered its appearance on October 29, 1940, and that the appellee Stacy C. Mosser is a court-appointed successor-trustee, and also that the debtor, by George D. Sullivan, its trustee, by its answer filed May 26, 1947, joined in appellant's motion to dismiss. On January 20, 1947, appellee Mosser as successor-trustee filed a certain plan of reorganization.

The debtor is a common law trust formed under the laws of Illinois, pursuant to a Declaration of Trust dated July 2, 1930. It was organized for the purpose of controlling and operating thirteen com-

panies, each owning a parcel of real estate with a building thereon. Twelve of these properties are located in the City of Chicago, the other in Los Angeles, California, and were financed through the sale of bonds to the public. Each of the Chicago properties have undergone a reorganization in bankruptcy, which in the main perhaps accounts for the long pendency of the instant proceeding.

The debtor was organized apparently to avert a financial crisis in the affairs of its principal organizer, Jacob Kulp, and his firm, Jacob Kulp and Co., an Illinois corporation. The debtor upon its organization acquired the entire capital stock in the twelve Chicago properties and sold or issued in exchange for outstanding bonds its shares of certificates. It acquired the equity in the California property against which there was a bonded indebtedness, the bonds having been issued by a previous owner.

The only real question, so we think, raised on this appeal results from appellant's contention that the court was without jurisdiction to enter its order of May 24, 1935, approving the petition for reorganization. It is obvious, without the citation of authority, that otherwise such order could only be attacked by direct appeal and not collaterally, as appellant now attempts to do.

The proceedings for reorganization were instituted December 26, 1934, by an involuntary petition filed by three of debtor's certificate holders, which was amended by leave of court on February 5, 1935, to include as petitioning creditors three additional parties who intervened and joined in the petition. These intervenors held bonds secured by a mortgage on the California property, executed by a predecessor in title, and alleged that they were creditors of the debtor for more than the value of their securities because the debtor, at the time it acquired fee to the property assumed the mortgage debt. We need not recite other allegations of the petition because it is not disputed but that it contained all the essential allegations, jurisdictional and otherwise.

On February 15, 1935, the common law trustees of the debtor filed on its behalf an answer, admitting all the essential allegations of the petition except as subsequently noted, including the admission that the debtor was in need of relief under Sec. 77B, that the trustees desired to effect a reorganization of said trust under said section, admitting that the petition was filed in good faith, and concluded by praying that the court approve said petition in accordance with the provisions of Sec. 77B. The sole allegation of the petition not expressly admitted by the debtor's answer concerned the creditor relationship existing between the intervening petitioners and the debtor. As to the bonds held by such petitioners, the answer set forth the facts concerning the bonded indebtedness of the California property and stated that the records of the debtor indicated that it was contemplated that the debtor assume the same. ·The answer alleged, however, that "being trustees of said National Realty Trust and not having firsthand knowledge of the transactions set forth in the minutes and records of said trust neither admit nor deny that the debtor assumed and agreed to pay all of said first mortgage bonds * * *," and requested "that the Court determine whether or not under all of the circumstances surrounding the transaction * * * the debtor assumed and agreed to pay the bonds of the petitioners as set forth in said petition * * *."

Appellant contends that an issue of fact was created by debtor's answer as to whether the intervening petitioners were its creditors, which was dependent upon whether the debtor had assumed liability for payment of their bonds. It is further contended that there was no hearing and no proof to support the allegation of the intervening petition that the debtor had assumed such liability and that as a result the court had no jurisdiction to enter its order.

We are of the view that appellant's contention could be rejected merely on the statutory language. The pertinent provision, Sec. 207, sub. a, among other things provides that if the answer of the debtor admits the material allegations of the petition "the judge shall enter an order either approving it as properly filed under this

section, if satisfied that such petition or answer complies with this section and has been filed in good faith * * *." As already shown, there is no question raised but that the petition contained the necessary allegations and that it was filed in good faith. The statute further provides: "If such answer shall deny any material allegation of the petition, the judge shall determine summarily the issues presented by the pleadings * * *."

Thus, it is only where the debtor denies an allegation of the petition that there is any issue for the judge's determination. In the instant matter, as shown, there was no denial that the debtor had assumed payment of the bonds held by the petitioning creditors. If anything, the answer indicated such assumption.

More important, however, are the recitations of the order under attack, which, among other things, recites that on May 24, 1935, the matter came on to be heard upon the petition of the owners of certificates, the petition of the intervening creditors, the answer of debtor's trustee, "and the court having examined the said Petition and the said Answer and the said intervening Petitions, and all parties having been heard herein by their attorneys, and it appearing that the said Petition sets forth the requisite jurisdictional facts under Section 77B of the Bankruptcy Act, * * * and that the said petitioning creditors are creditors of the Debtor who have provable claims against the Debtor which amount in the aggregate is in excess of the value of the securities held by them by over $1,000 * * *" and it "appearing that the Judge is satisfied that said petition complies with Section 77B and was filed in good faith, and that the material allegations therein are true, and all parties having been duly heard herein, and after due consideration by the court * * *." The order then proceeds to adjudge and decree numerous matters, including "said petition of the said creditors is hereby approved as properly filed under Section 77B of the Bankruptcy Act."

Assuming that it was necessary, which we doubt under the circumstances presented, that the court hear testimony, there is nothing in the record to indicate to the contrary. We must assume that the court was sufficiently advised from the information contained in the pleadings and from that furnished by the parties who were in court to form a proper basis for its order approving the plan. We think there is no merit to the contention that the court was without jurisdiction either of the parties or subject matter.

While it perhaps is immaterial, it may be noted that there never has been an adjudication other than that contained in the order sought to be vacated as to whether the debtor assumed payment of the bonds against the California property. True, the court trustee in an answer filed in the proceedings on September 30, 1935, stated "that said debtor did not assume or agree to pay said mortgage liability." On the other hand, trustees for the debtor in a petition to dismiss the proceedings filed January 21, 1942, asserted "that debtor had assumed the payment of the bonds upon said property, and that debtor at the time of the filing of the petition herein was indebted as a guarantor of said bonds." More than that, the debtor as late as May 26, 1947, filed an answer to appellant's motion to dismiss in which it did not deny that it assumed payment of the bonds but stated it was immaterial as to the status of the intervening creditors at the time of their intervention and asserted that at the present time they were not creditors of the debtor. It appears, therefore, that the debtor is in no position to attack the order approving the petition for reorganization. Appellant is in no better position, because so far as the record shows he was not a creditor or an interested party at the time the petition was approved.

Appellant also contends that he is the only real creditor and that the court should have dismissed the proceedings because the debtor joined in appellant's request for dismissal. We assume that a court has the right to dismiss a proceeding of the instant character when convinced that there is no longer need for reorganization. Admittedly, however, this is a matter which calls for the exercise of the court's discretion and we would be justified in interfering with its refusal to dismiss only upon a showing of a clear

abuse of discretion. We think we need enter no discussion of the factual situation as bearing upon the court's discretion. It is sufficient to state that we find no abuse of the court's discretion in this respect.

The order appealed from is affirmed.