**CHASE et al. v. AUSTRIAN et al.**

No. 6278.

United States Court of Appeals
Fourth Circuit.

Argued May 11, 1951.

Decided May 11, 1951.

Writ of Certiorari Denied June 4, 1951.

See 71 S.Ct. 1021.

Leo B. Mittelman and T. Roland Berner, pro se, New York City (George E. Allen, Sr., Richmond, Va., Norman S. Nemser, New York City, and Alfred J. Kirsh, Richmond, Va., on the brief), for appellants.

George Rosier, Carl J. Austrain, Walter H. Brown, Jr., New York City, Thomas C. Egan, Philadelphia, Pa., Morton G. Rosenberg and Thomas F. Boyle, New York City (Austrian & Lance, Saul J. Lance, Victor Brudney, Willkie Owen, Farr, Gallagher & Walton, New York City, Denny, Valentine & Davenport, Charles S. Valentine, Williams, Mullen, Pollard & Rogers, Fred G. Pollard, Richmond, Va., Harry R. Axelroth, Philadelphia, Pa., David J. Mays, Richmond, Va., Francis E. Walter, Easton, Pa., Tucker, Mays, Cabell & Moore, Richmond, Va., on the brief), for appellees.

Roger S. Foster, General Counsel, Washington, D. C. (Lawrence M. Greene, Special Counsel, Manuel F. Cohen, Special Counsel, and Aaron Levy, Attorney, Securities & Exchange Commission, all of Washington, D. C., on the brief), for Securities and Exchange Commission.

Before PARKER, SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

This is another appeal in the bankruptcy reorganization proceedings of the Central States Electric Corporation. The petition for reorganization of this corporation was filed in 1942, when it had assets of a value of approximately $1,400,000 and an outstanding indebtedness exceeding $18,000,-000. The affairs of the corporation have been handled under the direction of the court and its assets have increased to approximately $38,000,000. In 1948 a plan of reorganization was worked out, which was approved by the Securities and Exchange Commission and by the District Court. The order of the District Court approving it was affirmed by this court in August 1950 and the Supreme Court de-nied certiorari. See Central States Electric Corp. v. Austrian, 4 Cir., 183 F.2d 879, certiorari denied 340 U.S. 917, 71 S.Ct. 350. The plan of reorganization is set forth in our opinion, from which it appears that the fact that the value of the assets of the corporation exceeded its debts was thoroughly understood and taken into consideration. It was one of the facts urged in the objections made to the plan approved by the commission and the court.

After certiorari to review our decision had been denied by the Supreme Court, the District Court confirmed the plan and appeals to this court from the order of confirmation were dismissed. After the entry of the order of confirmation, appellants here made a motion in the District Court to dismiss the reorganization proceedings on the ground that the value of the assets of the corporation exceeded its debts and that by making sale of assets, or by borrowing $10,000,000 thereon, it would have sufficient cash to pay its indebtedness and that it should be returned to its stockholders in order that this might be done. The motion was denied and the correctness of this denial is the sole question presented by the appeal.

There is no merit either in the motion or the appeal. They amount to nothing more than an attempt on the part of appellants to relitigate questions which were before us and were decided when we affirmed the order of the District Court approving the plan of reorganization. There would be no end of reorganization proceedings if it were permissible to retry in this way issues that have been decided by the court.

It is contended that the courts are without power to go forward with reorganization proceedings if it can be shown that the value of the assets exceeds the debts of the corporation; but the idea that jurisdiction over reorganization proceedings is lost because of a fortunate administration of the corporation's assets under the court's direction is supported neither in law nor in common sense[1] and is viola-

---

1. For cases in which courts have gone on with reorganization proceedings notwithstanding the corporation has become sol-vent in the bankruptcy sense or is able to meet its debts by sale of assets or refinancing, see Knight v. Wertheim & Co.,

tive of the well settled rule that a court of equity, having once taken jurisdiction, will do complete justice in the premises. See Young v. Higbee Co., 324 U.S. 204, 214, 65 S.Ct. 594, 89 L.Ed. 890; Securities and Exchange Comm. v. United States Realty & Improvement Co., 310 U.S. 434, 455, 60 S.Ct. 1044, 84 L.Ed. 1293. When a court has properly taken jurisdiction in a reorganization proceeding upon a finding of insolvency, that question may not be raised again in the proceeding. In re Utilities Power & Light Corp., D.C., 29 F.Supp. 763, 768. Where as the result of a change in the value of assets a corporation has become solvent while in the hands of the court, it is unquestionably within the court's discretion to consider the modification of a plan theretofore approved or in a proper case to dismiss the proceedings and return the corporation to its stockholders, see Knight v. Wertheim & Co., 2 Cir., 158 F.2d 838; but no abuse of such discretion is shown in this case. Insurance Group Committee v. Denver & R. G. W. R. Co., 329 U.S. 607, 67 S.Ct. 583, 91 L.Ed. 547. The value of the assets at the time of the motion had not increased over their value at the time of the approval of the plan; and what was proposed by appellants was essentially nothing more than what was put forward at that time as one of the alternatives of the plan that was approved. To have granted the motion to dismiss the proceedings would have been to turn the corporation back to the control of Harrison Williams, the owner of the majority of the common stock, against whom there was pending in court a suit which had been instituted under the court's direction for the recovery of large damages for mismanagement of the corpora-

tion's affairs. The suggestion that the court could dismiss the proceedings and nevertheless control the action of the corporation or its stockholders needs no discussion.

It is hardly thinkable that under the circumstances of this case any judge would have exercised his discretion to dismiss this proceeding and turn the corporation back to the control of the common stockholders who had wrecked it. Certainly no judge in his right mind would have exercised such power where, as here, the only persons asking it were the holder of a mere bagatelle of common stock acquired for a comparatively insignificant sum after the plan of reorganization had been proposed and was well under way and the holder of one share of 6% preferred and one share of common which had recently been acquired as a gift. For persons holding such insignificant interests in so large an enterprise, interests manifestly acquired for purposes of litigation, to hold up and delay the carrying out of a plan which has received the approval of the holders of the substantial interests involved and has been approved by the Securities and Exchange Commission, the District Court and this Court, is an abuse to which this Court will lend no encouragement. We are accordingly directing that our mandate issue within fifteen days, unless application for certiorari has been made to the Supreme Court in the meantime, and are denying the application for stay of proceedings in the lower court whether application be made for certiorari or not. If appellants desire that proceedings be stayed, they will have to apply to the Supreme Court. We do not think they are entitled to it.

Affirmed.

2 Cir., 158 F.2d 838; Standard Gas & Electric Co. v. Deep Rock Oil Corp., 10 Cir., 117 F.2d 615; In re Deep Rock Oil Corp., 10 Cir., 113 F.2d 266; In re Hotel Realty Co., D.C., 69 F.Supp. 345;

In re Midland United Co., D.C., 58 F.Supp. 667; In re Childs Company, D.C., 69 F.Supp. 856. And see In re National Food Products Corp., D.C., 23 F.Supp. 979.