**In re The SIRE PLAN, INC., LaGuardia Hotel Sire Plan, LaGuardia East Sire Plan Hotel, Inc., et al., Debtors.**
**Albert MINTZER, Appellant,**

v.

**Lazarus JOSEPH and David I. Shivitz, Trustees, Appellees.**

**Nos. 485–486, Docket 28901–05.**

United States Court of Appeals
Second Circuit.

Argued May 4, 1964.
Decided May 28, 1964.

Albert Mintzer, pro se.

Charles Seligson, New York City, for appellees.

Richard V. Bandler, New York City, for Securities and Exchange Commission.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

This appeal involves Sire Plan, Inc. and associated corporations, debtors in reorganization proceedings pursuant to Chapter X of the Bankruptcy Act.

Representing that a sale of the real property and improvements of LaGuardia Hotel and LaGuardia East would be "in the best interests of these debtors' estates, their creditors and the public investors," the Trustees of the debtors filed an application on December 23, 1963 praying for the issuance of an order to show cause why the application should not be granted. The order was issued that day for a hearing to be held on January 8, 1964, upon due notice to the attorneys for the debtors, the Securities and Exchange Commission, the lien creditors, and appellant Albert Mintzer. At the hearing no objection was raised to any proposed sale. On January 11 the court ordered the Trustees to prepare and file a report pursuant to Section 167, sub. 5 of the Bankruptcy Act, and they were directed to serve a copy of that report upon all interested parties; this being for the purpose of inviting suggestions from the parties for the formula-

tion of a plan or plans of re-organization. They were also ordered to give notice of a hearing to be held by the court to consider offers and bids for the purchase of the above real property and improvements, and of a further hearing to consider confirmation of any offers or bids that might be so received for the properties. This order also provided for public publication of the notice.

The Trustees prepared their report and circulated it, and February 17, 1964 was designated as the time for receiving offers and bids, and hearing thereon and on the Trustees' report was set for that day. Large advertisements informing that bids were to be made on February 17 were inserted in the New York Times, New York Herald Tribune and Wall Street Journal between February 6 and February 16. At the February 17 hearing, thereafter adjourned to February 24, bids were received; and, because of the possible formulation of some plan of re-organization the hearings were again adjourned until March 5. It was then ordered that notice of all offers and bids was to be served by the Trustees on all interested parties during the period between March 16 and March 23 and notice of any proposed plans of reorganization up to March 25, the Trustees being directed to file, no later than Monday, March 30, their recommendations with respect to offers, bids or proposed plans of re-organization, and to serve notice of their recommendations upon all parties who might request the same. All papers in support or in opposition to the Trustees' recommendations were to be filed by Monday, April 6, 1964. The Trustees did report on March 30, recommended that the court below dispose of the LaGuardia East property for the best bid price received for that property and the seven story steel skeleton unfinished edifice thereon, and prayed for specific authorization to make that sale. This the court ordered on April 20, 1964, and it is from this order that appellant Mintzer appeals. Throughout February and March appellant had objected to selling any of the LaGuardia properties and in lieu thereof

had proposed a plan of reorganization which was found infeasible.

The Securities and Exchange Commission was represented throughout all these proceedings and received notices of each action. The Securities and Exchange Commission now takes the position that a sale at this time of the real property of LaGuardia East would be outside the provisions of Chapter X of the Bankruptcy Act unless incorporated within an overall plan of reorganization of the debtors but finds that no acceptable plan has been submitted. Throughout all these proceedings the court, by notices of hearings and adjournments thereof, scrupulously protected the rights of all parties to appear and protest any order that might be handed down approving the sale the Trustees recommended, and then approved the recommended sale on April 20, 1964. The order was accompanied by an exhaustive statement of the facts and a detailed opinion containing full conclusions of law.

From this order appellant, on the following day, filed his notice of appeal, and pending hearing of the appeal sought an order from us enjoining the sale. We set the case for disposal and argument on the merits of the appeal, and as the property of these two corporations not only has long time economic utility inasmuch as it is conveniently located to the LaGuardia airport but also has a short-term value from its proximity to the 1964–65 World's Fair, we directed that the appeal be heard on the merits forthwith. The appellant alleges that the court below erred in authorizing the sale of these properties, and in confirming the sale of LaGuardia East separately, without awaiting a reorganization plan. Appellant states that by so doing creditors and stockholders of the debtors are prejudiced; and, as we interpret his position, he claims that the court has used poor supervisory judgment in confirming the LaGuardia East sale.

Our study of the situation convinces us, quite to the contrary, that the sale is most desirable, the building is uncompleted, Holiday Inns of America has made

an offer for the skeletoned edifice, and it seems obvious that the offer made has a relationship to the possibilities inherent in its presently favorable location for innkeeping. Moreover, in its present exposed state, as the Trustees' evidence demonstrated at hearing, the partially constructed building is a "wasting asset" and can only deteriorate in value the longer it remains uncompleted. As we said in In re V. Loewer's Gambrinus Brewery Co., 141 F.2d 747, 749 (2 Cir. 1944):

> "There is no requirement in the Chandler Act that the sale be in aid of a reorganization or that it await a liquidation in straight bankruptcy."

And see Patent Cereals v. Flynn, 149 F.2d 711 (2 Cir. 1945).

The order confirming the sale of the properties of LaGuardia East Sire Plan Hotel, Inc. is affirmed.

Our mandate shall issue forthwith.