**In the Matter of FEDERAL COAL COMPANY, Debtor.**

**In Proceedings for the Reorganization of a Corporation.**

No. 69-270.

United States District Court, S. D. West Virginia, Charleston.

Nov. 22, 1971.

15. 21 U.S.C. § 174.

John V. Ray, Charleston, W. Va., for petitioners.

Charles M. Love, III, Charleston, W. Va., for trustee.

William C. Payne, Charleston, W. Va., for Northeastern Pennsylvania Nat. Bank and Trust Co., indenture trustee.

Robert E. Ginsberg and Bernard Wexler, Washington, D. C., for Securities and Exchange Commission.

## MEMORANDUM ORDER

FIELD, Circuit Judge (sitting by designation).

The petitioners, being members of the Johnson family who as of this date are the owners of 96.61 per cent of the Bonds of the debtor corporation, have asked that the Trustee in this proceeding be discharged, the proceeding be dismissed and that possession of the property owned by Federal Coal Company be returned to it. The petition to dismiss is opposed by the Trustee, the Securities and Exchange Commission, and originally by the Indenture Trustee.

This proceeding had its genesis in a petition filed in this Court by Federal Coal Company on July 25, 1969, proposing an arrangement with its unsecured creditors under Chapter XI of the Bankruptcy Act. That petition was referred to the Referee in Bankruptcy of this Court and thereafter on October 2, 1969, the Commission filed a motion to intervene for the purpose of seeking an order of dismissal unless the proceedings be conformed to the requirements of Chapter X of the Bankruptcy Act. By order entered on August 7, 1970, it was directed that the Chapter XI proceeding be dismissed unless the debtor filed an amended petition conforming to the requirements of Chapter X within ninety days from the date thereof. The debtor, Federal Coal Company, filed a notice of appeal from this order, but thereafter the appeal was dismissed upon motion of counsel for the debtor.

Accordingly, on January 29, 1971, the debtor filed an amended petition conforming to the requirements of Chapter X and pursuant thereto an order was entered on that date finding among other things that the amended petition had been filed in good faith; that Federal Coal Company was unable to pay its debts as they matured; that the required relief under Chapter X could not be obtained under Chapter XI of the Bankruptcy Act; appointing Charles M. Love, III as Trustee of the estate of the

debtor corporation; requiring that the Trustee conduct a comprehensive investigation of the debtor and its management; and providing that a plan of reorganization be submitted prior to a date to be fixed by the Court.

Since the filing of the amended petition, the Trustee has addressed himself conscientiously to his obligations under the Act, but as yet has not initiated the investigation required by Section 167 of Chapter X, nor has a complete appraisal of the debtor's property been made. In this posture, obviously, no plan of reorganization has been filed by the Trustee nor any other creditor or interested party. Under these circumstances the petition for dismissal does not fall within the provisions of Section 236 of the Act but is addressed to the Court and may properly be considered under the broad equity authority of the Court. See In re National Realty Trust, 166 F.2d 632 (7 Cir. 1948). Accordingly, the dismissal motion must be appraised and acted upon in the light of well established equitable principles.

In filing the Chapter XI petition, Federal proposed that the payment of the principal amount of its outstanding bonds be extended for an additional fifty years and that past due interest amounting to some 160 per cent be forgiven. The petition further suggested that the holders of the bonds in principal amounts of less than $1,000 should receive 30 per cent of the face amount of the bonds in cash, and the bonds, in effect, be redeemed thereby. At the time of filing the Chapter XI petition Federal addressed letters to the known bond holders soliciting acceptances to the proposed arrangement. Since the filing of the amended petition under Chapter X, C. G. Johnson has directed letters to Federal's investors offering to purchase their bonds and stock for a price equivalent to 75 per cent of the principal of the bonds. During this interim period the Johnson family, which concededly controls the debtor, has purchased over $2,000,000 in principal and accrued interest of claims against the debtor for approximately $663,000. Two of the largest purchases during this period were $1,300,000 in claims from the VanDeusen family and from Louis C. Lerner. In their present petition, the Johnsons state that they own 96.61 per cent of the outstanding bonds and that they have reason to believe that other owners of bonds are willing to agree to an extension of the maturity date of said bonds to December 1, 1979.

While not delineated in the dismissal petition, at the hearing on the petition counsel for petitioners suggested that upon dismissal of this proceeding, petitioners would be willing to take such steps as the Court might direct to assure that any bond holder who might be unwilling to agree to this extension would receive the full face amount of the principal of his bonds, together with the accrued interest thereon amounting to approximately 160 per cent as heretofore stated.

As pointed out by the Trustee and counsel for the Commission, this latest proffer by the petitioners represents a dramatic increase and change of position with respect to the redemption of the minority bond holders from the initial 30 per cent suggestion contained in the original Chapter XI petition. This in itself suggests that a full and independent appraisal should be made of Federal's assets and, additionally, a thorough investigation should be made not only with respect to the management of the debtor but also the validity of disclosures made to debtor's investors by the Johnsons incident to their interim acquisitions of outstanding bonds and stock.

As I observed during the hearing on this petition, it would, of course, be possible for the Commission to conduct investigations of this general nature incident to Section 10 of the Securities Exchange Act of 1934 and Rule 10(b–5). However, it is well settled that a court of equity having once taken jurisdiction should continue to go forward in order to accomplish complete justice relative to the subject matter. See Chase v. Austrian, 189 F.2d 555 (4 Cir. 1951).

Upon consideration of the totality of the circumstances in this case, it is the conclusion of this Court that the dismissal petition should be denied, that the Trustee should begin an investigation as required by Section 167 of the Act at the earliest practicable date, and that a full and independent appraisal of Federal's property should be initiated. In the light of these observations and conclusions, it is ordered that the petition to dismiss be and the same is hereby denied.